On Motion for Rehearing.
PELPHREY, C. J.
Appellant in this motion contends that we were in error in the disposition of this case in holding that there had not been an abandonment of the homestead by Mrs. Summers; that we erred jn our construction of the trial court’s findings, and in holding that the funds were not subject to garnishment.
Appellant argues that the record shows that Mrs. Summers was the sole surviving constituent of the family, and that this being true, the constitutional and statutory restriction upon incumbering the homestead would not apply.
We have carefully examined the statement of facts presented and do not find any evidence to support this assertion.
The record shows that Mrs. Summers and her deceased husband lived together as man and wife for several years, and that after his death she expressed a desire to sell the property used by her as a homestead because she did not like to live alone. We do not think these facts sufficient to show whether or not there were any children. It is a matter of common knowledge that when a man *451 and wife live together for a number of years there are usually children born to them, and under these facts we might he entitled to presume that in fact there were children. On the other hand, her statement that she did not want to live alone would tend to dispute the existence of any other members of the family.
As to appellant’s contention as to our construction of the trial court’s findings on the question of abandonment, we adhere to our former holding.
The fact that a sale does not constitute an abandonment does not apply in cases such as this one. This is a right to claim immunity from forced sale in certain property, and certainly Mrs. Summers by selling same abandoned that right, as she could no longer assert her homestead claim in that particular property.
The record here reveals that the judgment rendered in the original case against Mrs. Summers in favor of appellant was a plain money judgment for a specified sum, and in that judgment no attempt was made to impound the fund which is here sought to be recovered.
Therefore appellant is here attempting to subject a fund which constituted part of the proceeds of a voluntary sale of the homestead to garnishment, a thing which the statute says shall not be done until the expiration of six months.
We have again carefully studied the record in tins' case and find no error.
The motion for rehearing and to certify are accordingly overruled.